**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ROY A. WILDMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE NO. 1-25-cv-01180 |
| EXPERIAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S**
**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Experian Information Solutions, Inc. ("Experian"), hereby submits this Motion to Dismiss for Failure to State a Claim upon which relief can be granted. Experian respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety as it fails to state a legally cognizable claim against Experian.

## I.     INTRODUCTION

Plaintiff Roy Wildman's ("Plaintiff") complaint is devoid of any specific factual allegations to support a claim against Experian.  The allegations fall astonishingly short of the federal pleading standard. Despite naming Experian as the sole defendant, the only factual allegations are alleged against Trans Union.  Even assuming the allegations are intended against Experian, not Trans Union, the allegations are so hopelessly vague that Experian is given no notice of the grievances alleged against it. Plaintiff's Amended Complaint should be dismissed with prejudice for failure to state a claim upon which relief could be granted.

## II.     FACTUAL BACKGROUND

### a.  Summary of Allegations

Plaintiff filed the instant action against Experian in Civil Court of the City of New York,

County of Bronx.  Experian removed the case to this Court. Dkt. 1.

The complaint is devoid of any specific allegations against Experian. The complaint states "damage cause to person, failure to provide proper service." *See* Dkt. 1-1 at 5.  The complaint goes on to allege "erroneous data on [plaintiff's] credit report from TransUnion." *Id.* at 6.  Of note, TransUnion is not a named defendant in the case.  Plaintiff alleges he disputed the information and the credit reporting agency "did not research the dispute by investigating which is unreasonable." *Id.*  Plaintiff claims the alleged "negligence with non-compliance caused [him] actual damages, such as economic loss and emotional distress." *Id.*

### b.  Motion to Amend Complaint

Counsel for Experian conferred with Plaintiff about the allegations against Trans Union and lack of allegations against Experian.  On or about January 29, 2025, Plaintiff filed a Motion to Amend the Complaint to correct the name "Trans Union" to "Experian." Dkt. 4-1 at 6.  Experian does not oppose the Motion to Amend.  However, while the proposed amendment corrects the issue of the correctly named party, the claims in the complaint remain hopelessly deficient.

## III.  LEGAL STANDARD

Fed. R. Civ. P. Rule 12(b)(6) allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Under Fed. R. Civ. P. Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (*citing* Fed. R. Civ. P. 8). The pleading standard in Rule 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In considering a Rule 12(b)(6) motion, the Court must "accept all well-pleaded facts as true and consider those facts in the light most favorable to the plaintiff." *Patane v. Clark*, 508 F.3d 106,

111 (2d Cir. 2007). But, in deciding whether dismissal is warranted, a court will not accept conclusory allegations in the complaint as true. *Iqbal*, 556 U.S. at 678.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief,'" thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (*citation omitted*).

"A pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, this does not absolve a pro se plaintiff from satisfying Rule 8(a)(2). *See id.* (finding the allegations by the pro se petitioner sufficiently satisfied Rule 8(a)(2)).

## IV.    ARGUMENT

Plaintiff's allegations demonstrate a complete failure to state a cause of action. A complaint must contain "a short and plaint statement of the claim showing that the pleader is entitled to relief" that "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which is rests." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). Plaintiff's allegations fail to satisfy this standard.

The allegations are vague, conclusory, and devoid of any factual support. As shown below, Plaintiff's allegation that Experian[1] "fail[ed] to provide proper service" and "did not research the dispute" is insufficient. Experian is left to wonder when the alleged dispute occurred, preventing

---

[1] Assuming Plaintiff was granted leave to amend to change "Trans Union" to "Experian."

Experian from assessing any potential statute of limitations defenses.  The allegations also omit crucial evidence such as what account or tradeline information was disputed, the basis for the dispute, and what relief was sought in the dispute.  Nor does the Complaint describe what service Experian was supposed to provide, and how it allegedly failed to properly do so. Without this information, Experian is unable to do a precursory investigation into the facts alleged.

Not only is it unclear what claims Plaintiff asserts, but Plaintiff also fails to allege the requisite elements of the claim for "negligence with [sic] non-compliance." Dkt. 1-1 at 6.  "Under New York law, a plaintiff must establish three elements to prevail on a negligence claim: (1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof." *Pasternack v. Laboratory Corp. of Am.*, 892 F. Supp. 2d. 540, 552 (S.D. N.Y. 2012).  Plaintiff fails to allege any of the three requisite elements.  Further, if Plaintiff is alleging non-compliance with a statute, it is unclear what statute Experian allegedly violated and the nature of the violation.

As written, the allegations do not put Experian on notice of the wrongdoing alleged against it and must be dismissed.

## V.    CONCLUSION

Experian respectfully requests the Court grant its motion and dismiss Plaintiff's Complaint in its entirety, with prejudice, as the complaint is hopelessly deficient.

Dated: February 18, 2025

Respectfully submitted,

_/s/ Jonathan P. Floyd_
Jonathan P. Floyd
TROUTMAN PEPPER LOCKE LLP
1001 Haxall Point, Suite 1500
Richmond, VA 23219
Telephone: (804) 697-1435
Email: jonathan.floyd@troutman.com

_Attorney for Experian Information Solutions, Inc._

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of February 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, and sent, via Fed Ex and/or electronic mail, the same to the following party. Service of the foregoing was within the time prescribed by the Rules of the Court.

Roy A. Wildman, *Pro Se*
790 Concourse Village West 2D
Bronx, NY 10451

*/s/ Jonathan P. Floyd*
Jonathan P. Floyd

308162619