USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/7/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROY A. WILDMAN,

               Plaintiff,

-against-

EXPERIAN,

               Defendant.

1:25-cv-1180-MKV

---

ROY A. WILDMAN,

               Plaintiff,

-against-

EXPERIAN,

               Defendant.

1:25-cv-1387-MKV

ORDER OF DISMISSAL

---

MARY KAY VYSKOCIL, United States District Judge:

      Two actions involving the same parties, *Wildman v. Experian*, Case No. 1:25-cv-1180 and *Wildman v. Experian*, 1:25-cv-1387 were removed to this Court from the Civil Court of the City of New York, Bronx County, on February 10 and February 18, 2025, respectively. *Wildman v. Experian*, Case No. 1:25-cv-1180 was assigned to this Court upon removal. The two cases were designated as related and thereafter, *Wildman v. Experian*, 1:25-cv-1387 was reassigned to this Court.

      In *Wildman*, 1:25-cv-1387, Defendant filed a motion to dismiss before the case was reassigned to this Court and soon after the Court granted Plaintiff leave to file an amended complaint on or before April 8, 2025 to cure any deficiencies identified in the motion to dismiss. [ECF Nos. 4, 5]. Plaintiff was warned that he would not be given "any further opportunity to amend the complaint to address the issues raised by the motion to dismiss." *Wildman*, 1:25-cv-

1

1387. [ECF No. 5]. Plaintiff did not file an amended complaint or file any opposition to the motion to dismiss. Thereafter, Defendant requested an order dismissing *Wildman*, 1:25-cv-1387 (MKV), for Plaintiff's failure to file an amended complaint by the April 8, 2025 deadline,[1] or, in the alternative, for an Order to Show Cause why this case should not be dismissed for Plaintiff's failure to comply with the Court's order. [ECF No. 7]. Plaintiff did not respond to Plaintiff's request.

In *Wildman*, Case No. 1:25-cv-1180 (MKV), Experian filed a Motion to Dismiss, which the Court denied because it was filed in violation of this Court's Individual Rules of Practice requiring the filing of a letter requesting a pre-motion conference prior to the filing of a motion to dismiss. [ECF No. 6]. The Court also noted that the operative complaint in the case claimed that "TransUnion" was negligent and did not name Experian except in the case caption. Accordingly, the Court granted Plaintiff leave to file an amended complaint on or before April 4, 2025. [ECF No. 6]. The Court's order warned the parties that "**failure to comply with this Order . . . may result in sanctions, including . . . dismissal**." [ECF No. 6]. Plaintiff did not file an amended complaint. Thereafter, Defendant moved for leave to file a motion to dismiss in *Wildman*, Case No. 1:25-cv-1180 (MKV), and filed a Motion to Consolidate both cases. [ECF Nos. 7, 8]. Plaintiff failed to timely reply to either motion.

Thereafter, the Court issued an order in each case scheduling a conference for May 6, 2025 at 11:00 AM to address the two cases. *Wildman*, Case No. 1:25-cv-1180 (MKV) [ECF No. 9]; *Wildman*, 1:25-cv-1387 (MKV) [ECF No. 8]. In each Order, the Court noted that Wildman had missed several deadlines and failed to respond to two motions made by the Defendant. *Wildman*, Case No. 1:25-cv-1180 (MKV) [ECF No. 9]; *Wildman*, 1:25-cv-1387 (MKV) [ECF No. 8]. The Court scheduled the conference because *pro se* plaintiffs are granted "special leniency regarding

---

[1] Plaintiff was not required to amend his complaint; however, his lack of amendment and his failure to file an opposition to the motion to dismiss means that the motion to dismiss is now ripe for disposition and unopposed.

procedural matters." *Wildman*, Case No. 1:25-cv-1180 (MKV) [ECF No. 9]; *Wildman*, 1:25-cv-1387 (MKV) [ECF No. 8] (quoting *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). Each Order directed Plaintiff to be "prepared to show cause" why he has failed to meet the Court's deadlines, to state whether he consents to consolidation, and to explain whether he intends to file an amended complaint. *Wildman*, Case No. 1:25-cv-1180 (MKV) [ECF No. 9]; *Wildman*, 1:25-cv-1387 (MKV) [ECF No. 8].  Each order warned that "**failure to comply with this Order . . . may result in sanctions, including . . . dismissal**." *Wildman*, Case No. 1:25-cv-1180 (MKV) [ECF No. 9]; *Wildman*, 1:25-cv-1387 (MKV) [ECF No. 8]. Plaintiff did not appear for the May 6, 2025 conference. At the conference, Defendant represented that it had sent all filings in each case to Plaintiff by mail and email and had otherwise reached out to Plaintiff via email several times. Defendant represented that the last correspondence it received from Plaintiff was in February 2025, the same month that both cases were removed.  Defendant represented that, during that correspondence, Plaintiff indicated that he intended to amend his complaint in *Wildman*, Case No. 1:25-cv-1180 (MKV).

Shortly after the conference, the Court consolidated the cases and issued an Order to Show Cause to Plaintiff. *Wildman*, Case No. 1:25-cv-1180 (MKV) [ECF No. 12]; *Wildman*, 1:25-cv-1387 (MKV) [ECF No. 10].  The Court ordered Plaintiff to show cause why this case should not be dismissed for failure to prosecute, failure to respond to Defendant's motions, and failure to comply with court orders.  The Court further ordered that if "Plaintiff intends to prosecute this case, he shall advise the Court whether he intends to file an amended, consolidated complaint on or before June 5, 2025."

In the same order, Plaintiff was warned that if he failed to respond to the Order on or before June 5, 2025, "**this case will be dismissed**." Plaintiff was also put on notice that "**failure to

3

**comply with court orders and prosecute this case may result in dismissal with prejudice pursuant Rule 41(b) of the Federal Rules of Civil Procedure**." Plaintiff was warned that "he is ultimately responsible for prosecuting this case." Plaintiff failed to comply with the Order or take any further action to prosecute this case.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an action with prejudice if the plaintiff fails to prosecute the case or to comply with court orders. *See* Fed. R. Civ. P. 41(b). The Second Circuit has instructed district courts to consider the following factors before dismissing an action for failure to prosecute: (1) the duration of the plaintiff's failure to prosecute or comply; (2) whether the plaintiff was on notice that failure to prosecute or comply could result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay of the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) the possibility of imposing a sanction less drastic than dismissal. *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

The Court finds that all *Lucas* factors weigh in favor of dismissal. For more than four months since both cases were removed, Plaintiff has failed to appear, failed to comply with several orders, and failed to respond to Defendant's motions. Courts in this District have routinely dismissed cases for similar spans of noncompliance. *See, e.g., Massey v. City of New York*, No. 20-CV-7622-LTS-RWL, 2022 WL 4384082, at *2 (S.D.N.Y. Sept. 22, 2022) (five months); *Ottey v. Dep't of Homeland Sec.*, No. 19-CV-07503-LTS-KNF, 2021 WL 5087923, at *2 (S.D.N.Y. Nov. 2, 2021) (five months); *Seth v. City of New York*, No. 1:19-CV-01960-AJN-SDA, 2019 WL 7493587, at *3 (S.D.N.Y. Dec. 9, 2019), *report and recommendation adopted*, 2020 WL 71021 (Jan. 6, 2020) (finding "four months of silence from Plaintiff is sufficient to warrant dismissal"); *Chavis v. City*

*of New York*, 2018 WL 6532865, at *3 (S.D.N.Y. Oct. 12, 2018), *report and recommendation adopted*, 2018 WL 6528238 (S.D.N.Y. Dec. 11, 2018) (four months). The second factor weighs in favor of dismissal here because Plaintiff repeatedly has been warned that failure to prosecute his case and/or comply with this Court's orders may result in dismissal. *Wildman*, Case No. 1:25-cv-1180 (MKV) [ECF Nos. 6, 9, 12]; *Wildman*, 1:25-cv-1387 (MKV) [ECF Nos. 8, 10]. The Court's last order expressly warned that if Plaintiff fails to comply "this case will be dismissed." *See Wildman*, Case No. 1:25-cv-1180 (MKV) [ECF No. 12]; *Wildman*, 1:25-cv-1387 (MKV) [ECF No. 10]; *Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 468 (2d Cir. 2013) (affirming dismissal for failure to prosecute where the court "indisputably gave notice" to the plaintiff that the case would be dismissed for "future transgressions"). Nevertheless, Plaintiff did not comply. The third and fourth factors also weigh in favor of dismissal. It prejudices Defendant and burdens the Court to maintain this action on the Court's docket indefinitely in the hope that further prodding from the Court will prompt Plaintiff to reappear. *See Davison v. Grillo*, 2006 WL 2228999, at *2 (E.D.N.Y. Aug. 3, 2006).

The final factor weighs in favor of dismissal because the Court has considered lesser sanctions, including prohibiting Plaintiff from amending his complaint or resolving Defendant's pending motion to dismiss. The Court also scheduled a conference to try to discuss with Plaintiff his obligations and the consequences of failure to prosecute. *Wildman*, Case No. 1:25-cv-1180 (MKV) [ECF No. 9]; *Wildman*, 1:25-cv-1387 (MKV) [ECF No. 8]. Plaintiff neglected to appear. However, Plaintiff has never communicated with the Court despite several warnings that he could cure, but risked dismissal. *Wildman*, Case No. 1:25-cv-1180 (MKV) [ECF Nos. 6, 9, 12]; *Wildman*, 1:25-cv-1387 (MKV) [ECF Nos. 8, 10] (warning that failure to comply may result in sanctions, including dismissal and other lesser sanctions "including monetary penalties on counsel and/or the

parties, . . . or preclusion of claims, defenses, arguments, or evidence"). Plaintiff's history of warnings and non-compliance make clear that lesser sanctions would be ineffective. *Ruzsa v. Rubenstein & Sendy Attys at L.*, 520 F.3d 176, 178 (2d Cir. 2008) (finding it was unclear that a "lesser sanction" would have proved effective because plaintiff failed to respond to notice threatening dismissal); *Ottey v. Dep't of Homeland Sec.*, No. 19-CV-07503-LTS-KNF, 2021 WL 5087923, at *3 (S.D.N.Y. Nov. 2, 2021) ("Plaintiff has abandoned his opportunity to pursue his claims and has halted communications with the Court, lesser sanctions would be ineffective.").

Accordingly, IT IS HEREBY ORDERED that the above-captioned actions are discontinued for failure to prosecute without costs to any party. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

The Clerk of Court is respectfully requested to terminate the motion at docket number 4 in *Wildman*, 1:25-cv-1387 (MKV) and close both consolidated cases *Wildman*, Case No. 1:25-cv-1180 (MKV) and *Wildman*, 1:25-cv-1387 (MKV).

The Clerk of Court is respectfully requested to mail a copy of this order to *pro se* Plaintiff to the address on file.

**SO ORDERED.**

**Date:  July 7, 2025**
**New York, NY**

                                                      **MARY KAY VYSKOCIL**
                                                      **United States District Judge**